IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


STANLEY D. GILDERSLEEVE,          :
                                  :
      Plaintiff,                  :
                                  :
v.                                :          CIVIL ACTION 09-0505-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of                   :
Social Security,                  :
                                  :
      Defendant.                  :


MEMORANDUM OPINION AND ORDER


In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 16). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22). Oral argument was waived in this action (Doc. 21). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative actions not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-seven years old, had completed an eleventh-grade education, and had no relevant previous work experience (Doc. 16 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to a hernia, residuals of three motorcycle accidents including status post right malleolus fracture, chronic back pain, headaches, and high blood pressure (*id.*).

The Plaintiff filed an application for SSI on December 22, 2006 (Tr. 93-96). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Gildersleeve had no past relevant work, there were specific jobs in the national economy which he could perform (Tr. 7-26). Plaintiff requested review of the hearing decision (Tr. 5-6) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Gildersleeve

2

alleges that: (1) The ALJ did not develop a full, fair record; and (2) the Appeals Council erred in failing to remand the claim to the ALJ for consideration of new evidence (Doc. 16). Defendant has responded to—and denies—these claims (Doc. 17).

Plaintiff first claims that the ALJ did not develop a full and fair record.[1] In making this claim, Gildersleeve asserts that the ALJ has made a determination as to his residual functional capacity (hereinafter *RFC*) for which there is no medical support (Doc. 16, pp. 4-8).

The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The Court further notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 416.946 (2009).

In this action, the ALJ reached the following determination regarding Gildersleeve's RFC:

> The claimant's specific physical capacities
> and limitations during the period of
> adjudication are lifting 20 pounds
> occasionally and 10 pounds frequently; sit
> six hours in an 8-hour workday, stand and
> walk with use of a medically required hand-
> held assistive device in ambulation two hours
> of an 8-hour work day with normal breaks.
> Occasionally reaching overhead on right;

---

[1]Because the Court finds that this claim has merit, there is no need to discuss the other claim raised in this action.

> occasionally operate food controls on right;
> occasionally climb stairs and ramps, balance,
> stoop, kneel, crouch, and crawl; never climb
> ladders, ropes, or scaffolding. Avoid even
> moderate exposure to: unprotected heights,
> moving mechanical parts, operating a motor
> vehicle, extreme cold, extreme heat, and
> vibrations.

(Tr. 16). The Court notes that this RFC is less than a full

range of light work.[2]

The Court notes that the ALJ points to no medical evidence

as support for this determination. In fact, the only physical

capacities evaluation in the record was completed by a non-

examining State Agency employee (Tr. 323-30). The RFC there,

which was actually less restrictive than the ALJ's own RFC

determination, was rejected by the ALJ (Tr. 323-30; *see* Tr. 16,

Finding of Fact 4).

However, Chief Judge Granade, in this Court, has held that

"the Commissioner's fifth-step burden cannot be met by a lack of

evidence, or by the residual functional capacity assessment of a

non-examining, reviewing physician, but instead must be supported

---

[2]"Light work involves lifting no more than 20 pounds at a time
with frequent lifting or carrying of objects weighing up to 10 pounds.
Even though the weight lifted may be very little, a job is in this
category when it requires a good deal of walking or standing, or when
it involves sitting most of the time with some pushing and pulling of
arm or leg controls. To be considered capable of performing a full or
wide range of light work, you must have the ability to do
substantially all of these activities. If someone can do light work,
we determine that he or she can also do sedentary work, unless there
are additional limiting factors such as loss of fine dexterity or
inability to sit for long periods of time." 20 C.F.R. § 416.967(b)
(2009).

by the residual functional capacity assessment of a treating or examining physician." *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003). The Court finds this holding to be particularly relevant in the facts of this case as the ALJ acknowledges in the RFC that Gildersleeve must use "a medically required hand-held assistive device" and still be able to walk for two hours per day as well as lift 20 pounds occasionally and 10 pounds frequently (Tr. 16). While the ALJ may be correct that Plaintiff can perform these tasks, there is no medical evidence in the record to support these findings.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be reversed and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's physical capabilities and limitations. Final judgment will be entered by separate Order.

DONE this 8th day of March, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE